IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CR-6-FL-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OSCAR LOPEZ-ESTEFES | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to suppress (DE 31). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge Robert B. Jones, Jr., issued memorandum and recommendation ("M&R"), wherein it is recommended that the court deny defendant's motion. (DE 56). Defendant timely filed objections to the M&R, and the government did not respond. In this posture, the issues raised are ripe for ruling.[1] For the reasons that follow, the court adopts the recommendation of the magistrate judge as its own, and denies defendant's motion.

## BACKGROUND

Criminal complaint filed January 8, 2016, charged defendant with being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a). Indictment filed February 2, 2016, charges the same offense. Defendant filed the instant motion on May 6, 2016, seeking to suppress evidence seized on January 6, 2016, from defendant's residence at 21 New Mexico Drive, Red Springs, North Carolina ("the residence"), including firearms and custodial statements. Evidentiary hearing was held before magistrate judge on December 16, 2016, at which the

---

[1] At the same time as entry of the M&R, the magistrate judge denied defendant's motion to disclose confidential informant (DE 32), and defendant did not appeal that ruling to the district court. Therefore, defendant's motion to suppress is the only motion remaining for decision by the court, in this case.

government presented testimony of special agent Bryan Moultis ("Moultis") and sheriff officer Jose Hernandez ("Hernandez"), who participated in the search of the residence on January 6, 2016. The government submitted documents as exhibits at the suppression hearing, in addition to video camera footage of the entry into the residence and questioning of defendant, which footage was taken from a body camera on officer Hernandez.

In his motion to suppress, defendant argues that the warrantless search of his residence was conducted without valid consent or probable cause, and that defendant was detained and questioned without being informed of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).[2] The government argues that another individual residing at the residence, Ama Rylin Ama Anba Powell ("Powell"), voluntarily consented to officers entering the residence, that defendant voluntarily signed a consent to search form, and that defendant was not in custody. In the alternative, the government contends officers had authority to question defendant and obtain his fingerprints pursuant to immigration law.

## STATEMENT OF FACTS

The court incorporates herein by reference the statement of facts in the M&R (see DE 56 at 2-7), where such statement accurately reflects the evidence of record.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review

---

[2] Another individual present in the residence on January 6, 2016, Ismael Azua-Rinconada ("Azua-Rinconada"), who was charged with being an alien present in the United States after having previously been deported, also moves to suppress evidence seized that day on the basis of lack of consent and custodial interrogation, (see 7:16-CR-5-FL DE 22, 23), which motions will be addressed by separate order.

where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

In his objections, defendant reiterates his arguments made in his motion that consent given to enter and search the residence was not voluntary, and that defendant was detained and questioned in custody after officers entered the residence. Upon careful review of the M&R and the record in this case, the court adopts the analysis and conclusions of the M&R as its own. The M&R thoroughly and cogently reviews the evidence in this case bearing on both issues raised by defendant, accurately reflecting the video evidence of the officers' approach, entry, search, and questioning within the residence.

1.  Consent

Powell gave "knowing and voluntary" consent for officers to enter the residence, in light of the totality of the circumstances. United States v. Buckner, 473 F.3d 551, 554 (4th Cir. 2007). Officers approached the door of the residence in mid-morning, without drawn weapons, and knocked repeatedly without yelling or violent pounding on the door; Azua-Rinconada directed Powell to answer the door after recognizing the visitors as officers; Powell was an adult fully capable of communicating consent; once Powell opened the door, officers did not use hostile, accusatory, or

3

threatening language, and in conversational tone asked for permission to enter to speak further because it was cold outside; and Powell freely and casually allowed officers to enter. These factors provide significant evidence supporting a determination of voluntariness. See United States v. Boone 245 F.3d 352, 361 (4th Cir. 2001).

Defendant points to other factors as demonstrating lack of consent, such as Hernandez' statements upon knocking that he was with "Publishers' Clearinghouse" and "open the door or we are going to knock it down." When these statements are viewed in context, however, in light of the officers' actions and tone of delivery as seen on the video recording, they do not show that Powell's consent was "coerced by threats or force, or granted only in submission to a claim of lawful authority." Schneckloth v. Bustamonte, 412 U.S. 218, 233 (1973). The statements made and physical demeanor of the officers and Powell, both before and after Powell answered the door, stand in stark contrast to circumstances in those cases where consent has been found involuntary. See, e.g., Bumper v. North Carolina, 391 U.S. 543, 548-49 (1968) (consent involuntarily given after officers asserted falsely they had a warrant); Gregg v. Ham, 678 F.3d 333, 337, 342 (4th Cir. 2012) (consent involuntarily given by woman alone in home after bondsman and officer violently shook door). In addition, defendant signed voluntarily a consent to search form, deliberately and without coercion by the officers at the scene, which is demonstrated by the video footage.

In sum, the government has met its burden by a preponderance of the evidence that consent given to enter and search the residence voluntarily was given.

2.    Lack of Custody

Similarly based on a totality of the circumstances, defendant was not in custody at any point prior to his arrest on January 6, 2016, for purposes of Miranda. Multiple factors demonstrate that

4

defendant's "freedom of action" was not "curtailed to a degree associated with formal arrest." Berkemer v. McCarty, 468 U.S. 420, 440 (1984). Defendant was questioned in his living room and kitchen in mid-morning, with Azua-Rinconada and Powell also in the same room interacting with officers; officers introduced themselves in conversational tone, without raising their voices, pulling weapons, or using force on any person; one officer politely shook hands with defendant; officers asked everyone to come to the living room without conducting a security check; officers asked permission before bringing in a canine officer for a search; officers did not isolate defendant, and defendant went to his room alone to gather documents related to his firearms; and officers did not use threats or deception to obtain statements from defendant, but rather truthfully described the subjects they were investigating. These factors all support the non-custodial and voluntary nature of the statements given by defendant. See United States v. Day, 591 F.3d 679, 696 (4th Cir. 2010); United States v. Braxton, 112 F.3d 777, 781 (4th Cir. 1997).

Defendant points to other factors as evidence of a custodial interrogation. For example, officers never told defendant that he was not under arrest or free to leave; agent Moultis instructed defendant to fill out an immigration field questionnaire; agent Moultis suggested by his questions that defendant was suspected of immigration, firearms, or drug violations. These factors, however, when viewed in light of the other factors set forth above and detailed in the M&R, are not sufficient to transform the officers' visit into a custodial interrogation or to render defendant's statements involuntary. See, e.g., United States v. Pelton, 835 F.2d 1067, 1073 (4th Cir. 1987) (holding that statements were voluntary where officers stated they would conduct a full scale investigation if defendant did not cooperate and informed defendant about the future course that an investigation could take); United States v. Mashburn, 406 F.3d 303, 310 (4th Cir. 2005) (holding statements

5

voluntary where "agents simply informed [defendant] of the gravity of his suspected offenses and the benefits of cooperation under the federal system"); United States v. Howard, 115 F.3d 1151, 1155 (4th Cir. 1997) (holding that statement by agent that defendant was suspected of drug activity is not enough to establish custodial interrogation, in light of other factors showing lack of constraint).

In sum, defendant voluntarily gave statements to officers on January 6, 2016, and was not in custody when doing so. Therefore, officers were not required to give defendant Miranda warnings prior to eliciting such statements.

## CONCLUSION

Based upon the foregoing, upon careful review of the M&R and the record, the court ADOPTS the recommendation of the magistrate judge as its own. Defendant's motion to suppress (DE 31) is DENIED.

SO ORDERED, this the 2nd day of March, 2017.

LOUISE W. FLANAGAN
United States District Judge